{¶ 29} I concur in the result reached by Judge Wise. Although captioned as a motion for summary judgment, the thrust of appellee's motion appears to be more akin to a motion in limine to prohibit Dr. Bugay from testifying as an expert. I concede hindsight is "usually" perfect, and a motion to strike his affidavit or motion in limine would have been the appropriate procedural mechanism to bring the issue to the court. If Dr. Bugay was determined not to be qualified to offer expert testimony,[2] appellee could then have filed an additional motion to prohibit evidence from any other witnesses not identified pursuant to the June 7, 2005 Judgment Entry. At that time a motion to dismiss or a motion for summary judgment supported by proper evidence could have been filed on behalf of appellee. But as presented here, I concur with Judge Wise the trial court's granting of appellee's motion for summary judgment was improper.
[2] Although I agree Dr. Bugay is not qualified to offer an opinion as to the standard of care regarding general surgery, a legitimate argument can be made Dr. Bugay is qualified to testify as an expert regarding a doctor's ethical duty to inform a patient of the success or failure of surgery; more specifically, whether the surgery achieved its intended result.